MORRISON v. McAVOY et al.

S. F. No. 2520; October 30, 1902.

70 Pac. 626.

**Sidewalks—Openings—Liability of Tenant.**—A city ordinance provided that no person should obstruct any sidewalk so as to interfere with its convenient use, and that every one should keep around every flight of stairs descending from the sidewalk to the basement a fence or railing at least two feet high. Held, that where the owner of a building had made an opening in the sidewalk, with stairs running to the cellar, the opening being provided with iron doors that constituted part of the sidewalk when closed, a use by the tenant of the opening and doors so as to violate the ordinance rendered only the tenant liable, and not the landlord.

**Sidewalks.**—An Opening in a Sidewalk With Stairs leading to the cellar, the doors forming part of the sidewalk when closed, and the sides of the doors affording a protection when open, was not a violation of the ordinance.

APPEAL from Superior Court, Alameda County; F. B. Ogden, Judge.

Action by Georgie Morrison against J. C. McAvoy and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Fred W. Fry and Edward A. Holman for appellant; Fitzgerald & Abbott and Johnson & Shaw for respondents.

CHIPMAN, C.—A demurrer was sustained to plaintiff's third amended complaint and, plaintiff declining to further amend, judgment passed for defendants, from which plaintiff appeals. The demurrer was by two of the defendants, but seems to have been treated by counsel and the court as filed in behalf of all the defendants, and we will so treat it.

The complaint alleges that defendant Eletta Brown was the owner and the other defendants were tenants of the premises, situated in the city of Oakland, where the alleged injury occurred; that an ordinance of said city provided that "no person shall . . . . so occupy or obstruct any sidewalks as to interfere with the convenient use of the same by all passengers"; also that "every person shall keep around

every . . . . flight of stairs descending from the sidewalk to the basement owned or occupied by him, a fence or railing at least three feet high.'' It is alleged that in 1892 said Brown leased the premises to one M. Beaudry, now deceased, and defendant G. Peladeau, for a term of six years; that at the time said Brown so leased said lot she "maintained without any license, . . . . underneath the sidewalk which is in front of said premises, . . . . an unauthorized and unprotected excavation, and also an unauthorized and unprotected opening thereto, with doors to said opening about sixteen inches in height when opened, and which are fitted to and usually cover said opening and form part of said sidewalk, . . . . and which opening . . . . has an unauthorized flight of stairs . . . . leading into said cellar underneath said premises, and which said doors, . . . . when opened, and which said excavation and opening thereto and said flight of stairs, each and all constituted an impediment . . . . in, under, upon, and over said sidewalk,'' contrary to said ordinance; that "said cellar, doors, and opening and flight of stairs were used for ordinary business purposes''; that said "Brown never furnished any other means of access to said cellar, and never provided any guard, . . . . or protection whatsoever against accidents, or any fence or railing . . . . about said'' opening, and said "opening, doors, and flight of stairs each and all constituted and caused at all times herein mentioned an unauthorized trap, obstruction, and nuisance upon, in, and under said sidewalk,'' that when the said Brown so leased said premises she well knew the condition of the said opening, etc., as above described, and she received rent for said premises at all said times in their then condition; that defendant Hugh B. McAvoy was appointed administrator of the estate of said Beaudry, deceased, in 1895; that said defendants, Hugh McAvoy, as administrator, and said Peladeau, wrongfully sublet a portion of the first floor of said premises and the said cellar with its said approaches, for the month of October, 1897, to their codefendant, J. C. McAvoy; that when said administrator and said Peladeau so rented said premises for the month of October, 1897, they knew the said condition of said cellar, door and stairway, and knew that they constituted a nuisance, but did not furnish any fence, railing or guard, or protection around said opening and stairs, or any

other means of access to said cellar, and they received rental for the use thereof. It is then alleged that defendant J. C. McAvoy "maintained and used said unauthorized and unprotected flight of stairs, excavation, and opening with said doors, in the same condition in which they were so originally leased to him"; that on October 27, 1897, each and all said defendants "permitted the said doors to be opened and raised from the position in which they were kept while forming a part of said sidewalk, and carelessly and negligently suffered . . . . said doors to remain opened and raised, and said flight of stairs . . . . to remain uncovered without any guard, fence, railing, barricade, or protection whatever," and plaintiff, during the daytime of said day, while "carefully traveling along said . . . . sidewalk, . . . . and while wholly unaware of said obstruction, . . . . with said doors raised in said sidewalk, . . . . was, without fault or negligence on her part, . . . . precipitated into . . . . said . . . . opening . . . . and down said flight of stairs and into said cellar," and was thereby injured.

The demurrer is on several grounds: (1) That Hugh McAvoy is improperly joined as a defendant, although it appears from the complaint that he individually was not a tenant, and the only interest he had was as administrator of Beaudry, deceased. (2) Misjoinder also as to J. C. McAvoy, although he was the surviving partner of Beaudry & McAvoy, and as such surviving partner was engaged in winding up the partnership business, and the accident happened after Beaudry's death. (3) That the complaint does not state facts sufficient to constitute a cause of action against any one or all of the defendants. (4) The complaint is uncertain in several particulars, and especially it does not appear how the doors could be open and the opening unguarded, and the doors constitute an obstruction over the sidewalk, or interfere with its safe use, or how the doors were in disregard of plaintiff's safety. It does not appear whether the doors or the opening constituted the impediment; nor does it appear whether plaintiff was injured by reason of the doors or the opening, "or whether she stumbled over the doors into the opening, or simply stepped into the opening without touching the doors." It does not appear how plaintiff, in the daytime, while carefully traveling over the sidewalk, was unaware of said doors, or opening, or

stairs, or whether she did not see them, or was unfamiliar with the premises.

As to defendants Brown, Hugh McAvoy and Peladeau, the complaint fails to show any liability. The iron doors appear not to have been an obstruction when closed, and no defect in the manner of their construction is alleged, and it is averred that they constituted part of the pavement when closed. Such doors, as means of ingress and egress to and from the basement of buildings in towns and cities, are not unusual, and do not constitute a nuisance per se, and are not forbidden by the ordinance pleaded. It is the failure to properly use the doors that introduces the element of danger, and for this improper use the tenant in possession alone is liable. If the complaint shows that the tenant, J. C. McAvoy, failed to protect the opening when the doors were open, he alone must answer the consequences. The principles governing such cases were fully discussed in Rider v. Clark, 132 Cal. 382, 64 Pac. 564.

The first part of the ordinance above quoted was not infringed by the construction of the doors, for they formed part of the sidewalk, and were safe when closed, so far as is alleged. The second portion of the ordinance refers to open stairways as they are sometimes constructed next to the buildings or next to the curb, and where the protection around the stairs is by a railing; in which case the protection or railing must be three feet high, and is permanent, and is the only protection required. The iron door openings in the present case are entirely different, and the usual protection to pedestrians are the sides of the door, as was the case of Rider v. Clark. The complaint seems to proceed upon the theory that the opening, with the doors, the stairs, and the cellar, were all unauthorized, and in violation of the ordinance, and together constituted a nuisance. There is nothing to show that the use of the basement by these means was unauthorized, except the ordinance, and this does not go so far. Indeed, it impliedly permits access to the basement of buildings from the sidewalk by means of stairs. When the accident occurred, the doors were open, and, as near as we can understand the complaint, the pleader left us ground to assume that he intended to allege that the doors were standing upright, and offered an impediment sixteen inches high to protect and warn

persons passing along the sidewalk. The complaint does not show how long these doors were, or how much space they occupied. If there had been a distinct allegation—which there is not—that the sides of the door were not high enough to offer reasonable protection to footmen in the day-time, or had alleged clearly that the doors were opened out and laid flat on the pavement, offering no protection, there would have been a different case presented. The complaint, as we have said, seems to rest on the assumption that the only right defendants had was to make an ·opening for a stairway and provide a fence or railing around such opening three feet high. The ordinance justifies no such position.

Plaintiff might have presented the distinct issue, on which she would have the right to be heard, that the iron doors, when open and standing upright, was a negligent and dangerous use made of the opening to the basement, irrespective of the ordinance. She evaded this issue, and relied on the prohibitions of the ordinance, which, as we have seen, does not cover her case.

The judgment should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.