HELEN DEXTER, Respondent, v. GILBERT D. FISHER, Appellant. (Action No. 1.)

HERBERT DEXTER, Respondent, v. GILBERT D. FISHER, Appellant. (Action No. 2.)

(Consolidated Actions.)

Third Department, May 3, 1939.

*Lee, Levene, O'Brien & Kramer* [*Donald W. Kramer* of counsel], for the appellant.

*Jacob Y. Becker* [*Morris L. Mossew* of counsel], for the respondents.

PER CURIAM. Respondent Helen Dexter fell and was injured while leaving the third-floor apartment of her nephew, Edward Kent, where she had gone to look after the Kent children. The apartment building was owned by defendant. It was three stories in height with two apartments on each of the second and third floors. Access to these apartments was provided in the center of the building by a common hall with two straight flights of stairs which stairs occupied the full width of the hallway. Natural light entered this hallway only through a glass panel three feet ten inches high and one foot ten inches wide in the door at the foot of the first flight of stairs and this glass had a lace curtain over it. There was a landing five feet two inches deep at the second floor, with another at the third floor three feet nine inches deep from the top of the stairs to the back wall and the same width as the stairway, *i. e.*, thirty-five inches. Doors opened off of each side of this top landing into the two third-floor apartments. The door opening into the Kent apartment was on the right as one ascended the stairs with the edge of the door from six to nine inches from the edge of the landing and the door knob toward the stairs. There was no railing along the stairs. There was no artificial light over the top landing but a light over the second-floor landing shone above the top landing although not on it. This light could not be lighted from the top floor. It could be turned on only from the bottom of the first flight of stairs and also from the second-floor landing. The defendant landlord had provided that the hall be kept light at night.

At about ten A. M. on November 21, 1936, Mrs. Dexter went up the two flights of stairs to the Kent apartment. At that time the light over the second-floor landing was lighted. About fifteen minutes later she came out of the Kent apartment into the hallway to descend, shut the door and found herself in total darkness. The light was out. She turned around to reopen the apartment door and in so doing fell. She tried to save herself by reaching

for a railing, found only the smooth, bare walls and fell down the two flights of stairs.

There was proof also that the construction of the top landing, with the distance of the edge of the door to the top of the stairs, without lighting facilities, was not in accordance with the customary practice and general usage.

The trial court charged that it was defendant's duty to provide a means of ingress and egress which was properly constructed and designed to afford reasonable safety to those who used the premises, that the absence of a light bore only on the question of reasonable care and that the defendant owed to the plaintiff no duty to provide the common ways with artificial light in the absence of defective conditions or conditions of peculiar danger that might call for a special warning. It was left to the jury to say whether the conditions here were defective or of peculiar danger. (See *McCabe* v. *Mackay*, 253 N. Y. 440.)

The narrow landing, the close proximity of the door to the edge of the landing and top of the stairs and the absence of a railing, all coupled with the fact that the hallway was lighted when plaintiff ascended and in practical darkness when she re-entered it, was sufficient to raise an issue of fact as to defendant's negligence.

The judgment should be affirmed, with costs.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; McNAMEE, J., dissents.

McNAMEE, J. (dissenting). None of the elements here regarded as negligence constitutes negligence as a matter of common law. No statute is involved. An accumulation of unrelated facts, none of which in themselves is negligent, do not constitute negligence. Negligence does not proceed from the lack of it.

Judgment affirmed, with costs.