Argued May 8, affirmed September 6, 1974

McWILLÍAM, *Appellant, v.* PHILLIPS
PETROLEUM, INC. ET AL, *Respondents.*
525 P2d 1011

*Fred Allen,* Coos Bay, argued the cause and filed the briefs for appellant.

*Lynne W. McNutt,* Coos Bay, argued the cause for respondents. With him on the brief were Malcolm J. Corrigall, and McNutt, Gant, Ormsbee & Gardner, Coos Bay.

HOWELL, J.

Plaintiff was injured when a transom window in the restroom of a service station owned by defendant Phillips Petroleum, Inc., and leased to defendant Leland A. Prather fell and struck plaintiff on the head. The trial court granted a judgment of involuntary nonsuit in favor of Phillips and the jury returned a verdict in favor of plaintiff against defendant Prather. Plaintiff appeals from the judgment of nonsuit in favor of Phillips.

Defendant concedes that Phillips was owner of the service station which had been leased to Prather on May 16, 1970, on a per-gallon rental. The accident occurred on September 24, 1972, when plaintiff entered the ladies' restroom and was struck by the tran-

som window. The window hinges were rusted and broken, causing the window to fall when plaintiff closed the door. The hinges were not readily visible to a person standing on the floor.

The lease between Phillips and Prather required the lessee to:

> "Maintain said premises in a good, clean and tidy condition at all times, both inside and out, including all restroom facilities * * * and *to make such repairs to said equipment, fixtures and facilities as may from time to time be necessary;* and to replace equipment, such as light bulbs and fluorescent tubes, when necessary." (Emphasis supplied.)

 As a general rule, in the absence of a special agreement to make repairs, a landlord is under no duty to do so. However, he may, under the terms of the lease, covenant to make repairs, but he must have timely notice of the need for repairs before he is obliged to make them. If, after such notice and a reasonable opportunity to make such repairs, the landlord fails to do so and damage to the lessee or his invitees results, the landlord is liable. *Asheim v. Fahey et al,* 170 Or 330, 133 P2d 246, 145 ALR 861 (1933); *Bickham v. Reynolds et ux,* 224 Or 194, 355 P2d 756 (1960); *Schenk v. Lamp,* 229 Or 72, 365 P2d 1068 (1961).

While the written lease appears to require the lessee Prather to make repairs, the parties apparently followed a practice of both parties making minor repairs and Phillips making all major repairs. The defendant Prather testified that he would do some minor repairs or maintenance to the building, and that a sales representative from Phillips would "walk around" and look at the premises once every month or two. On one occasion Prather repaired one of the toilets. On

another occasion Phillips replaced a window in the lube room. In the case of this particular window, it was repaired by Phillips after the accident. Prather also testified that he had no knowledge of the rusted hinges on the window.

The Phillips representative testified that Prather had authority to make minor repairs, but that the general practice was for Prather to notify Phillips when repairs were needed and that Phillips had no notice of the defective window.

■ Even if we were to assume from the evidence that Phillips was required to make all repairs including minor ones, there was no evidence of any notice given to Phillips. Absent such notice and an opportunity to make the repairs, the landlord is not liable to an invitee injured on the premises. *Asheim v. Fahey,* supra; Prosser, Torts (4th ed) 410, § 63.

■ The plaintiff urges us to apply the rule that where the owner of the premises leases the property for a public purpose, he is liable for injuries sustained by a member of the public where the injury was caused by a defective condition existing at the time of the letting. *Hamilton v. Union Oil Company et al,* 216 Or 354, 339 P2d 440 (1959); *Staples v. Senders,* 164 Or 244, 96 P2d 215, 101 P2d 232 (1940); *Senner v. Danewolf,* 139 Or 93, 293 P 599, 6 P2d 240 (1932). The plaintiff cannot take advantage of the rule because, as in *Hamilton,* the plaintiff failed to prove the existence of any defective condition of the premises at the time possession was transferred.

Affirmed.