Argued and submitted January 14, affirmed March 2, reconsideration denied April 14, petition for review denied May 17, 1983 (295 Or 31)

McNAMARA,
*Appellant,*
*v.*
THE NIGHT DEPOSIT, INC.,
*Respondent.*

THE NIGHT DEPOSIT, INC.,
*Cross-Appellant,*
*v.*
SAABYE et al,
*Cross-Respondents.*

(35468; CA A24273)

659 P2d 440

J. W. Walton, Corvallis, argued the cause for appellant. On the brief were Robert G. Ringo, and Ringo, Walton & Eves, P.C., Corvallis.

Gerald K. Peterson, Corvallis, argued the cause and filed the briefs for respondent and cross-appellant.

Robert D. Newell, Portland, argued the cause and filed the brief for cross-respondents Larry Mattson and Larry Mattson Construction.

M. Chapin Milbank, Salem, waived appearance for cross-respondents H. P. Saabye and Saabye and Gribskov, AIA Architects.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for injuries she sustained when she fell on a stair at defendant's restaurant. She appeals from a judgment for defendant, entered on a jury verdict. We affirm.

Plaintiff's injury occurred when she was descending from the dining and lounge area of the restaurant to the floor below. That required her to walk down a flight of four steps that led to a 54-inch long landing which in turn led to a two-step flight at a right angle to the landing. Plaintiff fell while attempting to descend the two-step flight. There was a handrail on the four-step flight, but there was no handrail on the two-step flight where the injury took place. Plaintiff alleged, *inter alia,* that defendant was required by the Uniform Building Code of the City of Corvallis to have a handrail at the place where she fell and that defendant's failure to do so constituted negligence *per se.*

The parties agree that the code requires handrails on "stairways," that it defines a "stairway" as a flight with "two or more risers," and that it excepts "stairways having less than four risers" from the handrail requirement. At trial, plaintiff contended that the two-step flight was part of a six-step stairway. Defendant contended that the two steps were a *separate* stairway and therefore came within the code's exception from the handrail requirement.

The trial court construed the code and concluded as a matter of law that the two-step flight was a separate stairway that was not required to have a handrail. Plaintiff assigns error to that ruling, to the trial court's striking of the negligence *per se* allegation, and to the exclusion of expert testimony proffered to support plaintiff's contention that the divided flights and the landing constituted a single stairway and were therefore required to have handrails. Plaintiff argues that the code provisions are ambiguous and that, accordingly, it was a fact question for the jury whether the area was a single stairway and was subject to the code's handrail requirement.

Defendant argues that the trial court correctly treated the meaning of "stairway" as a question of law for

the court to decide. We agree. In *Bogue v. McKibben,* 278 Or 483, 564 P2d 1031 (1977), the defendant claimed that the trial court erred in submitting to the jury the question of whether the area where an accident occurred was a "residence district" within the meaning of former ORS 483.104(2)(a). The Supreme Court stated:

"The question of whether or not the vicinity of the accident was a residence district should not, in the instant case, have been sent to the jury as a fact-law question over defendant's timely objection. *Staples v. Senders,* 164 Or 244, 96 P2d 215, 101 P2d 232 (1940), involved the applicability of an ordinance and aptly describes the rationale of the rule, stating at page 260:

" 'It was the duty of the court to construe the ordinance, and it was error so to charge the jury as to permit them to determine whether or not its provisions governed the rights of the parties. The question, for example, whether the opening in the floor was a wellhole within the meaning of the ordinance was a question of law and not of fact. Were it to be held otherwise, then in another case presenting identical facts another jury could find that such an opening was not a wellhole and that the ordinance was inapplicable, and there would be no rule for the guidance either of property owners or the officers of the city.'

"* * * * *

"There may be cases where the particular factual aspect of the definition is sufficiently disputed to warrant a jury determination of that particular fact. Such would be the case if there was conflicting testimony as to whether or not a particular building was 'intended as a place of human habitation' and 'reasonably capable of present occupancy' at the time of the accident. *See Marshall v. Mullin,* 212 Or 421, 427-28, 320 P2d 258 (1958). However, in the instant case there is evidence from which the court could clearly make a decision. No particular or specific factual dispute required jury determination. The trial court should have decided the issue as one of law and instructed the jury accordingly." 278 Or at 492-93.

For similar reasons, we conclude that the meaning of "stairway" under the code is a purely legal question of interpretation.

■        At oral argument, plaintiff contended in the alternative that, if the question were one for the court, the trial

court's interpretation of the code was incorrect. We questioned whether plaintiff had raised that alternative argument through her assignments of error, and her counsel responded that her assignment relating to the striking of the negligence *per se* allegation raises the issue. That assignment reads:

"The court erred in ruling:

" 'First, I think that with my ruling allegation number '4' would be striken from the Complaint and, accordingly, from the allegations of the Cross-Complaint and on down.' "

The assignment contains no recitations from the record to show what arguments the parties made in the trial court in favor of or in opposition to the striking of the allegation. The argument in support of the assignment in plaintiff's brief asserts only that there was a jury question and does not advert to the alternative theory that the trial court's interpretation of the code was legally incorrect. We conclude that the latter issue is not before us. ORAP 7.19(5); *see Golden 'B' Products v. Clark Equip.*, 60 Or App 39, 652 P2d 832 (1982).

Affirmed.[1]

---

[1] In light of our disposition of the appeal, it is unnecessary for us to consider the issues raised in defendant's cross-appeal.