Argued November 13, 1929; affirmed January 14; rehearing denied February 18, 1930

## STATE *v.* HAY
### (283 P. 753)

*Glenn R. Jack* of Oregon City (Ray D. Shoemaker of Portland, on the brief) for appellant.

*P. L. Patterson,* Deputy District Attorney, of Hillsboro (E. B. Tongue, District Attorney, of Hillsboro, on the brief) for the state.

BELT, J. Defendant, as agent of the United States Automobile Service club, a corporation, was indicted and convicted in Washington county, of the crime of executing, issuing, and delivering to Joe Schmidlkofer, on April 5, 1929, a service contract of said corporation, without first having obtained a license from the commissioner of insurance of the state of Oregon, authoriing him so to do, as provided by chapter 419 of the General Laws of Oregon for 1927.

The United States Automobile Service club had its office in the city of Portland and was engaged in the business of selling automobile service contracts. Defendant was sales manager and assistant general manager. It was his duty, among other things, to employ salesmen and to have general supervision over them. It was also his business to supervise the issuance and delivery of contracts and to collect amounts due thereon. The finances of the company had been for several months in a very precarious condition. It appears that daily cash receipts were

divided among employees in payment of salaries. No provision was made for a reserve fund to take care of obligations arising out of policies issued by the company. The company's application for license to sell service contracts as defined by statute had been very properly denied by the state insurance commissioner. After the indictment was brought in this case, the corporation dissolved.

■ In view of the record, the questions for review on this appeal are very limited. No assignments of error have been made by reason of the admission or rejection of testimony. No exceptions were taken to the instructions of the court. For the first time defendant asserts there is no evidence to support the verdict. Since this contention was not made in the lower court, we refuse to consider it here. This, as we have so often said, is a court of review. For the latest expression of the court on this subject, see *State of Oregon v. Jennings,* 131 Or. 455 (282 P. 560).

To appreciate the next assignment of error it is well at this time to direct attention to the statutory definition of ''service contract'' (chap. 419, G. L. O., 1927), which is as follows:

''Any agreement or understanding whereby any company, as herein defined, for a consideration promises to render, furnish or procure for any other person or persons, whether they be members of such company or otherwise, motor club service, as herein defined.''

Section 1 of the act thus defines ''motor club service'':

''The rendering, furnishing or procuring of towing service, emergency road service, insurance service, bail bond service, legal service, discount service, financial service, buying and selling service, theft service, map service, and touring service, or any three or more

thereof, as herein defined, to any person or persons in connection with the ownership, operation, use or maintenance of a motor vehicle by such other person or persons in consideration of such other person or persons being or becoming a member or members of any company, rendering, procuring or furnishing the same, or being or becoming in any manner affiliated therewith, or being or becoming entitled to receive membership or other motor club service therefrom by virtue of any agreement or understanding with any such company.''

In the same section, ''agent'' is thus defined:

''Whoever solicits the purchase of service contracts, as herein defined, or transmits for another any such contract or application therefor to or from the company, or acts or aids in any manner in the delivery or negotiation of any such contract, or of the renewal or continuance thereof.''

In a motion for directed verdict of acquittal, counsel for defendant made two contentions, (1) that the service contract in question provided for only two kinds of service, namely, legal service and towing service, whereas to come within the operation of the statute it was necessary for the contract to provide three or more kinds of service, as specified in the statute; and (2) that the act, by reason of its statutory definition of ''agent,'' is unconstitutional.

Relative to the kinds of motor club service, counsel, on appeal, now argues that the service contract in controversy included only two kinds of service, namely, towing service and insurance service, and that the ''legal service'' contracted for does not come within the statutory definition of ''legal service.'' The trial court instructed the jury as to the legal effect of the contract offered in evidence and declared that it came within the statutory definition of ''service contract,''

in that it provides for three kinds of "motor club service," namely, towing service, legal service and insurance service. An examination of the contract discloses that the trial court was correct in this instruction.

■ There is no merit in the second point of the motion for directed verdict, as the constitutionality of the act has been upheld by this court in a case wherein the plaintiff was the same company as involved in this case: *United States Auto Service Club v. Van Winkle*, 128 Or. 274 (274 P. 308).

■ Finally, it is urged that there is a fatal variance between the crime as charged in the indictment and the crime as defined in the statute. In the indictment the defendant is alleged to have sold a service contract to a person who was the owner of a motor *vehicle*, whereas it is contended the statute applies only "to owners and operators of motor *vehicles*." This highly technical objection does not appeal to us. Can it be said that the legislature intended such an absurd. and unreasonable thing as to afford protection to those who are fortunate enough to own two or more vehicles, but give none to the great mass of people who possess but one automobile? The answer is obvious. Where a statute is reasonably susceptible of two constructions, one which is absurd and unreasonable and the other reasonable and wholesome, courts should follow the common sense course and reject the construction which leads to absurdity. *State v. Gates*, 104 Or. 112 (206 P. 863); *Othus v. Kozer*, 119 Or. 101 (248 P. 146).

The judgment of the lower court is affirmed.

Coshow, C. J., and Bean, J., and Hamilton, A. A. J., concur.