Argued June 5; reargued September 26; reversed November 20, 1945; rehearing denied January 15, 1946

# FULLERTON *v.* LAMM ET AL.

## (163 P. (2d) 941, 165 P. (2d) 63)

*Herbert W. Lombard,* of Cottage Grove, for appellant.

*Wilber P. Riddlesbarger,* of Eugene (Harris, Bryson & Riddlesbarger, of Eugene, on the brief), for respondents.

*R. N. Kavanaugh, R. R. Morris, David L. Davies, Hugh L. Biggs, Hart, Spencer, McCulloch & Rockwood, Hampson, Koerner, Young & Swett, Carl C. Donaugh* and *J. Mason Dillard,* all of Portland, amici curiae.

LUSK, J.

This case presents the question of the validity of Ch. 265, Oregon Laws 1943, prescribing certain limitations with respect to actions for the recovery of overtime or premium pay and penalties authorized by any statute.

Plaintiff sued to recover overtime pay and penalties pursuant to the provisions of Public Law No. 718, 75th Congress, known as the "Fair Labor Standards Act of 1938", (hereinafter referred to as F. L. S. A.) 52 Stat. 1060, 29 U. S. C. §§ 201 et seq. The act covers employees "engaged in commerce or in the production of goods for commerce". Section 6 establishes minimum wages to be paid by employers to such employees. Section 7 establishes maximum hours for such employees and prohibits employment in excess of the number of hours specified "unless such employee receives compensation

for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Section 16 (b) provides:

"Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Plaintiff filed his complaint in the Circuit Court for Lane County on October 13, 1943. He alleged that he was employed by the defendants in the production of goods for commerce from April 19, 1939, to September 20, 1942, at various rates of pay which are stated, and that during that period he worked overtime (i. e., in excess of the legal maximum fixed by the F. L. S. A.) a specified number of hours which, at one and one-half times the regular rate at which he was employed, entitled him to receive from his employers the sum of $6,239.71, only $124.57 of which had been paid. He asked judgment for $6,115.41, the difference between these two amounts, and an additional equal sum as liquidated damages, and $1,200.00 attorneys' fees. The defendants demurred on the ground that the action was

not commenced within the time limited by Ch. 265, Oregon Laws 1943. The circuit court, being of the opinion that the action was barred, sustained the demurrer and entered judgment for the defendants. Plaintiff has appealed.

Chapter 265, Oregon Laws 1943, took effect March 10, 1943, and is as follows:

"AN ACT

"To limit certain actions or suits filed in any court for the recovery of overtime or other premium pay and penalties thereunder; to provide a saving clause; to repeal any law to the extent it is in conflict therewith; and to declare an emergency.

"Be It Enacted by the People of the State of Oregon:

"Section 1. Recovery for overtime or premium pay accrued or accruing, including penalties thereunder, required or authorized by any statute shall be limited to such pay or penalties for work performed within six months immediately preceding the institution of any action or suit in any court for the recovery thereof; provided, that an action may be maintained within a period of 90 days after the effective date of this act on claims heretofore accrued.

"Section 2. Any law in conflict herewith to that extent is repealed hereby.

"Section 3. It hereby is adjudged and declared that existing conditions are such that this act is necessary for the immediate preservation of the public peace, health and safety; and an emergency hereby is declared to exist, and this act shall take effect and be in full force and effect from and after its passage."

The plaintiff contends that the limitations prescribed in the statute are so unreasonably short that

claimants are not given that full opportunity to resort to the courts which due process of law requires; that the statute discriminates against, and unreasonably interferes with, the assertion of rights accorded by the F. L. S. A., and unreasonably interferes with that Act's regulation of interstate commerce.

## LUSK, J.

■■ There is no federal statute of limitations applicable to actions authorized by § 16 (b) of the F. L. S. A. The appropriate statute of limitations of the state in which the action is brought is, therefore, applicable. *Chattanooga Foundry v. Atlanta,* 203 U. S. 390, 397, 51 L. ed. 241, 27 S. Ct. 65; *McClaine v. Rankin,* 197 U. S. 154, 25 S. Ct. 410, 49 L. ed. 702, 3 Ann. Cas. 500; *Campbell v. Haverhill,* 155 U. S. 610, 614, 39 L. ed. 280, 15 S. Ct. 217; *Cannon v. Miller,* 22 Wash. (2d) 227, 155 P. (2d) 500, 506; *Culver v. Bell & Loffland,* 146 Fed. (2d) 29 (C. C. A. 9). The parties are agreed that prior to the enactment of Ch. 265, Oregon Laws 1943, this action would have been governed either by the first subdivision of § 1-204, O. C. L. A., prescribing a limitation of six years for bringing actions upon a contract or liability, express or implied, or by the second subdivision thereof prescribing a like limitation for bringing actions upon a liability created by statute, other than a penalty or forfeiture. We are inclined to the view, persuasively presented in the opinion of Steinert, J., in *Cannon v. Miller,* supra, that this is an action upon a liability created by statute rather than one upon a contract or liability, express or implied. It is arguable, in view of the meaning of the word "penalties", which we discuss below, that, so far as the action is for the recovery of "liqui-

dated damages'', it would be governed by § 1-205, O. C. L. A., which prescribes a period of three years for bringing ''an action upon a statute for penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state''. It is unnecessary to decide the question, however, and for present purposes, it is sufficient to say that, but for Ch. 265, plaintiff would have had at least three years after the accrual of his cause of action in which to sue for liquidated damages and six years in which to sue for overtime compensation. Under the 1943 enactment he was required to commence his action, which had accrued at the effective date of the statute, within three, or at the most, six months after that date. As he delayed doing so for more than eight months thereafter, his action is barred if the statute is valid.

■ The Supreme Court has sustained the constitutionality of the Fair Labor Standards Act of 1938. *United States v. Darby,* 312 U. S. 100, 85 L. ed. 609, 61 S. Ct. 451, 132 A. L. R. 1430; *Opp Cotton Mills v. Administrator,* 312 U. S. 126, 85 L. ed. 624, 61 S. Ct. 524. The legislative history of the Act

> ''shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and wellbeing and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce. To accomplish this purpose standards of minimum wages and maximum hours were provided.'' *Brooklyn Savings Bank v.*

*O'Neil*, 324 U. S. 697, 89 L. ed. 1296, 65 S. Ct. 895, 902.

The provisions of the act are "remedial and humanitarian in purpose", *Tennessee Coal, Iron and R. Co. v. Muscoda Local No. 123*, 321 U. S. 590, 597, 88 L. ed. 949, 64 S. Ct. 698, 152 A. L. R. 1014, and "must not be interpreted or applied in a narrow, grudging manner", *id.*

As applied by the courts "to an infinite variety of complicated industrial situations" (*Kirschbaum v. Walling*, 316 U. S. 517, 86 L. ed. 1638, 62 S. Ct. 1116), the enforcement of the overtime pay and liquidated damages provisions has in numerous instances visited hardships, and at times, perhaps, injustice upon employers. See, e. g., the dissenting opinion of Mr. Justice Roberts in *Tennessee Coal, Iron and R. Co. v. Moscoda Local No. 123*, supra, 321 U. S. 619. We are assured by counsel for the defendants that this was one of the circumstances that influenced the legislature to enact Ch. 265. The legislatures of ten other states have found it advisable to shorten the period of limitations applicable to actions under the F. L. S. A., the limitations fixed ranging from six months in Iowa to three years in Nebraska, North Carolina and Ohio. See XXXXV Col. L. Rev. 444, 448. The Iowa statute (Iowa Acts 1943, Ch. 267, § 1) referred expressly, as do some of the others, to actions arising under federal legislation, and prescribed a period of six months after the effective date of the act for actions on causes of action already accrued and six months after the accrual of the cause of action on those subsequently arising. This statute was adjudged invalid in *Kappler v. Republic Pictures Corp.*, 59 F. Supp. 112, 116 (D. C., S. D. Iowa, Central Division), on the ground that it was "an attempt on the part of the Legislature of the State of Iowa to enter a field

of legislation exclusively within the authority of the Congress of the United States''. This decision was followed by the enactment in Iowa on March 29, 1945, (Iowa Acts 1945, Ch. 222) of a two year statute, general in terms, but no doubt intended to apply to actions under the F. L. S. A. The ninety day provision of Ch. 265 was held unconstitutional by Judge Claude Mc-Colloch of the United States District Court for the District of Oregon in *Kurth v. E. H. Clarke Lumber Co.*, decided December 8, 1944, but not reported. We are advised that the grounds of the decision were, that the period of ninety days is unreasonably short, and the provision unconstitutional and void in that it unreasonably interferes with the normal operation of the Fair Labor Standards Act and with the power of Congress to regulate commerce among the several states in. a field already occupied by Congress.

Since, when Congress passes an act conferring a right of action upon individuals and fails to provide a limitation of time for bringing such actions, the appropriate statute of limitations of the state in which the action is brought is to be applied by the courts, we should suppose that a state may, acting in good faith, shorten the time limitation in existence when the Fair Labor Standards Act was passed, so long as the new period prescribed leaves to claimants a reasonable time for suing after the accrual of the cause of action. We know of no authority on the subject, but doubt the existence of any rule which requires that the applicable state statute of limitations should be ''frozen''. The provisions of the statutes of limitations of the several states applicable to actions brought under the F. L. S. A. are by no means uniform. The applicable statute in Washington, for example, contains a two year limita-

tion which that court has enforced in an action brought to recover overtime compensation under the F. L. S. A. *Cannon v. Miller,* supra.

■ But legislation manifestly hostile to the exercise of rights granted by a federal statute cannot stand. *Campbell v. Haverhill,* supra. The F. L. S. A. was enacted by Congress under the commerce clause of the constitution and is "the supreme law of the land", U. S. Const., Art. VI, binding upon every citizen and upon the legislatures and courts of the several states. "Whatever springes the state may set for those who are endeavoring to assert rights that the state confers, the assertion of Federal rights * * * is not to be defeated under the name of local practice", *Davis v. Wechsler,* 263 U. S. 22, 24, 68 L. ed. 143, 44 S. Ct. 13. "It is familiar doctrine that the prohibition of a federal statute may not be set at naught, or its benefits denied, by state statutes or state common law rules", *Sola Electric Co. v. Jefferson Electric Co.,* 317 U. S. 173, 176, 87 L. ed. 165, 63 S. Ct. 172.

■ With these general observations we turn our attention to the proper construction of the challenged statute. We agree with counsel for the respective parties that it was intended to operate retrospectively as well as prospectively. Statutes of limitation are ordinarily construed to be only prospective in their operation, but, when a contrary intention of the legislature is manifested, that intention will be given effect. 34 Am. Jur., Limitation of Actions, 44, § 43; 1 Wood on Limitations (4th ed.) 50, § 11, 68, § 12b. We think that the words "accrued or accruing" mean the same thing as "heretofore accrued or which shall hereafter accrue". Without the proviso or savings clause, all causes of action in existence at the time of the effective date of the statute

would be subject to the six months provision of the enacting clause, including those based on work performed more than six months previously; and, in our judgment, it was to prevent cutting off the latter class of claims, without any opportunity to sue on them at all, that the savings clause was inserted. The express exception made by the savings clause would have been neither necessary nor proper had it not been intended to subject existing causes of action to the operation of the statute. See *Stoddard v. Owings,* 42 S. C. 88, 90, 20 S. E. 25. The statute means, therefore, that recovery of the statutory benefits enumerated shall be permitted only for work performed within six months immediately preceding the commencement of an action to recover such benefits, "irrespective", as the defendants' brief says, "of whether that period in whole or in part antedates the day after the effective date of the statute", save that no cause of action which had accrued at or before the effective date of the statute shall be barred if action thereon be brought within ninety days after that date.

■ It might well be questioned whether the word "penalties" in the statute includes "liquidated damages" as provided for in § 16 (b) of the F. L. S. A., for it has been authoritatively determined in *Overnight Motor Transport Co. v. Missel,* 316 U. S. 572, 62 S. Ct. 1216, 86 L. ed. 1862, that such liquidated damages are not a penalty. See, also, *Brooklyn Savings Bank v. O'Neil,* supra. Counsel for the plaintiff and for the United States, however, have not raised the question, and we shall assume that Ch. 265 was intended to extend to actions for the recovery of liquidated damages under the federal act and that the legislative assembly used the word "penalties" in a broad sense and without regard to the technical distinctions between a penalty and liquidated damages; in the sense, that is to say, of an ex-

traordinary liability to which the law subjects an employer for his violation of a statutory duty. See 23 Am. Jur., Forfeitures and Penalties, 623, § 27. Further support for this view may be found in the fact that "the same provision may be penal as to the offender and remedial as to the sufferer", *Cox v. Lykes Brothers*, 237 N. Y. 376, 143 N. E. 226; *Huntington v. Attrill*, 146 U. S. 657, 667, 36 L. ed. 1123, 13 S. Ct. 224; *Loucks v. Standard Oil Co. of N. Y.*, 224 N. Y. 99, 120 N. E. 198. Indeed, we are assured in the brief of counsel for the defendants, and we have no doubt that it is the fact, that the legislature, when it enacted Ch. 265, was concerned with the effects of the F. L. S. A.

The meaning of the words "premium pay" need not detain us, for those words are not now involved, unless it be that overtime pay and premium pay mean the same thing. On that question we express no opinion.

It was not until after the reargument of this case that any of the counsel engaged suggested that the phrase, "shall be limited to such pay or penalties for work performed within six months immediately preceding the institution of any action", calls for construction or should or could be given any other than its apparent natural meaning. In their original brief counsel for the defendants said:

"It is submitted that the plain and only meaning of this language is that from and after the effective date of the Act an employee is entitled to recover such pay for work performed within the six months period next preceding the commencement of the action * * * ."

They submitted as an example of the practical operation of the statute the following:

"If an employee commenced work on March 10, 1943, he would have had six months or until Sep-

tember 10, 1943, in which to bring action for the recovery of overtime pay including penalties.''

Before the reargument counsel for the respective parties were advised that the court desired the benefit of their views on the effect of this language, and the statement of counsel for the defendants as to that question was as follows:

"My thought is that it was intended by this legislation to limit a time, in a sense the amount, indirectly, the amount, of overtime pay and penalties for failure to pay the overtime pay when required—to limit that to the work performed within six months next preceding the commencement of the action. I have no doubt in my mind about the meaning of the statute. It begins to run when the work is performed.''

Further, counsel sought to support the validity of of the statute so construed by aligning Ch. 265 with the limitation provisions of certain Oregon lien statutes (§§ 67-107, 67-606, 67-1305) and argued on that basis that it was not essential that the limitation should begin to run from the accrual of the cause of action. He said:

"The concept of limiting the time within which proceedings may be brought and particularly in the case of liens is not new. It relates to the purpose of the legislature in enacting this statute, that if you begin to compute the time when the cause of action accrued you lose the whole point of this statute. This says you may recover overtime and premium pay required by any statute for work performed within the six months next preceding the commencement of the action. The words 'accrued' and 'accruing' enforce that meaning to me. The recovery is limited to work performed for that period.''

After the reargument, however, counsel *amici curiae,* who had filed a brief in support of the constitu-

tionality of Ch. 265, filed a supplemental memorandum, pursuant to leave of court, in which they take sharp issue with the construction previously placed upon the statute by counsel for the defendants. Since then counsel for the defendants have favored us with an additional memorandum in which they refer to their original construction as ''one possible interpretation'', and join in the suggested construction of counsel *amici curiae* as the proper one.

■ In their memorandum counsel *amici curiae* say that the court is not bound by the views of a private litigant as to the interpretation of a law enacted by the legislature, and in this we are agreed. They call attention to the rule that statutes should be given a construction, if reasonably possible, which will avoid absurd results, and cite a number of Oregon cases illustrating the application of that rule; and they urge that it would have been absurd for the legislature to outlaw claims partially or completely before action upon them could be commenced. Upon this premise they contend that the statute should be made to read as follows:

''Recovery for overtime or premium pay accrued or accruing, * * * required or authorized by any statute shall be limited to such pay or penalties for work performed *accruing* within six months immediately preceding the institution of any action * * *''.

■ In support of this interpretation it is said that the words ''accrued or accruing'' are of paramount importance, that the phrase ''*such* pay or penalties'' refers to ''accrued or accruing'' pay and penalties theretofore mentioned, and, in effect, that the statute means that recovery shall be limited to pay or penalties which shall have accrued—in the sense that a right to sue for them has arisen—within six months next pre-

ceding the commencement of the action. To the foregoing reasoning it could be added that, were the statute silent on the point, the law would imply that the limitation should begin to run from the time the cause of action accrued. *Crothers v. Edison Electric Co.,* (C. C., N. D. Cal.) 149 Fed. 606; *Sweetser v. Fox,* 43 Utah 40, 134 P. 599, 47 L. R. A. (N. S.) 145, Ann. Cas. 1916C 620.

Courts go a long way at times to save statutes from absurdity and unconstitutionality, but we think it must be conceded that the suggested construction would require something in the nature of a major operation upon the work of the legislature. It will surely not be contended that the court is authorized to rewrite the statute or to ignore the plain meaning of unambiguous words in order to correct the action of the legislature—"to supervise legislation and keep it within the bounds of propriety and common sense." 2 Sutherland, Statutory Construction (2d ed.) 705, § 367. The legislative purpose and intent to enact a valid and constitutional law must be assumed in this as in all other cases, but this overriding purpose cannot be employed so as to sweep away all evidences of legislative meaning; and there is "no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes", *United States v. American Trucking Associations,* 310 U. S. 534, 543, 84 L. ed. 1345, 60 S. Ct. 1059. The court's province, after all, is to ascertain what the legislature intended from the language used, with such aid as may be found in the rules of interpretation and legitimate extrinsic sources; to construe statutes, not to enact them; to declare what the legislature has done, not what it should have done. There is no rule of construction which either requires or permits the court to say that

because a valid statute of limitations must provide a reasonable period of time in which action may be brought, to run from the accrual of the cause of action, and because the legislature intended to pass a valid statute of limitations, therefore the legislature intended to provide that, in the statute now under examination, the time prescribed should run from the accrual of the cause of action, notwithstanding that the statute says something quite different.

The rule of construction relied on is not without its limitations. It has no application unless the statute "is *reasonably* susceptible of two constructions, one of which is absurd and unreasonable and the other reasonable and wholesome" (italics supplied), *State v. Hay,* 132 Or. 223, 227, 283 P. 753. Again, this court has said that in order to prevent absurdities the court will refuse to give to words their literal and actual meaning "and will adopt some other meaning within the *reasonable* scope of the words" (italics supplied), *State v. Gates,* 104 Or. 112, 123, 206 P. 863.

> "In short, when the words admit but one meaning, a Court is not at liberty to speculate on the intention of the Legislature, or to construe an Act according to its own notions of what ought to have been enacted." Endlich, Interpretation of Statutes, 10, § 7.

■ As the court said in *State ex rel. Associated Indem. Corp. v. Mortensen.* 224 Wis. 398, 272 N. W. 457, 110 A. L. R. 524, 527:

> "The rule that the clear letter of a statute will be departed from where absurd results would otherwise follow must be carefully applied. The danger is that of substituting the judgment of the court for that of the Legislature as to what is sound or absurd. The rule is only one of construction; the fact that

absurd or unjust results follow the literal application of the language simply justifies a search of the statute for further but perhaps less obvious indications of legislative intent. It does not, however, justify a court in amending the statute or giving it a meaning to which its language is not susceptible merely to avoid what the court believes are inequitable or unwise results."

See, also, 50 Am. Jur., Statutes, 390, § 378.

For the purpose of showing how the rule of construction invoked by counsel has been applied, we will review briefly some of the decisions which they have cited. *State v. Gates,* 104 Or. 112, 127, 206 P. 803, involved the power of the State Fish Commission to close streams to commercial fishing. One provision of the statute was that after publication of a closing order "it shall be unlawful * * * for any person to fish for, catch or take any salmon * * * or other food * * * fishes stocked therein." It was contended that the statute included only salmon which had been stocked. The court, taking into consideration the prior legislation on the subject and the purpose of the legislature to preserve the supply of fish, and the absurdity to which the construction contended for would lead, held that, when measured by the established rules of statutory construction and the ordinary rules of grammar, the prohibition was not limited to stocked salmon. In *Sullivan v. Mountain States Power Co.,* 139 Or. 282, 308, 9 P. (2d) 1038, it was held that the word "possible", in a statute requiring one who set a forest fire or permitted a forest fire to escape to use "every possible effort" to extinguish the fire, means "everything that is practicable or reasonable", and authorities were cited in support of that interpretation. In *Staples v. Senders,* 164 Or. 244, 261, 96 P. (2d) 215, 101 P. (2d)

232, the question was whether a city ordinance requiring that substantial railings shall be provided for wellholes of all stairways applied to trapdoors, and it was held that, while the definition of a wellhole was broad enough to include the opening in a floor when the trapdoor was up, the ordinance was not applicable because much of the time a trapdoor is a part of the floor of the building. In *Behnke-Walker Business College v. Multnomah County,* 173 Or. 510, 146 P. (2d) 614, the question was whether a business school, operated for profit, was included within a statute, which, among other things, exempted literary and scientific institutions from taxation, and it was held, in view of the association of literary and scientific institutions in the same provision with benevolent and charitable institutions, that the legislature did not intend to exempt schools operated for private gain. In *Fox v. Galloway,* 174 Or. 339, 148 P. (2d) 922, a statute imposing a license tax on coin-in-the-slot mechanical devices "displayed or operated" in this state was construed. It was contended that to tax the mere display of the machines would be unconstitutional, but the court held that, in view of the use of the word "displayed" with the word "operated", it should be given the meaning "displayed for operation". In *United States v. American Trucking Associations,* supra, the question was whether the Interstate Commerce Commission was empowered under the Motor Carrier Act, 1938, to establish reasonable requirements with respect to qualifications and maximum hours of service of employees of motor carriers other than employees whose duties affect the safety of operations. The statute used simply the term "employees" without definition. The court held that in view of the social purposes of the legislation involved, as well as other similar acts of Congress evi-

dencing congressional policy, and, having regard to administrative rulings, the word ''employees'' was intended to be restricted to those engaged in work which affected the safety of operations.

Each of these cases is a typical instance of application of the rule of construction invoked. They are cases where the meaning of a word in a particular context had to be determined, or where, as in *State v. Gates,* supra, a phrase might equally be said to modify one word as another, and the grammatical construction was adopted which carried out the manifest purpose of the legislation and avoided absurdity. They all present questions of statutory construction. But here is no room for argument about the meaning of words nor uncertainty arising from the position of phrases.

In so far as the language now in question attempts to prescribe a time limit for bringing actions, we find no ambiguity in it whatever. It means unmistakably, if it be a statute of limitations and not an attempt to condition substantive rights, that if an action to recover statutory pay and penalties is not brought within six months after the performance of the work which constitutes the basis of such pay and penalties, the action is barred. It is no doubt true, as counsel say, that the legislature had in mind actions upon claims which had already accrued or would accrue in the future. But the question which concerns us is: What event has the legislature specified as the starting point for the running of the limitation? The legislature, in plain language, has said: The performance of the work. Counsel ask the court to say: The accrual of the cause of action. In rewriting the statute counsel apparently recognize that they are not at liberty to eliminate the words ''for work performed'', and the result, necessarily, is an

awkward and ambiguous sentence which does not itself clearly express the intention imputed to the legislature. If those words were deleted the intent insisted upon could be clearly and simply expressed thus: ''Shall be limited to such pay or penalties accruing within six months immediately preceding the institution of any action''.

The words ''for work performed'' in the statute as rewritten serve no purpose whatever. We must assume that they were intended to serve some purpose, and we may be sure that the legislature did not think it necessary to provide that the only pay and penalties recoverable would be such as *are* for work performed as distinguished from pay and penalties which are *not* for work performed. But the statute, as rewritten, would seem to carry that meaning. By inserting the word ''accruing'' after ''for work performed'', not only has that phrase in its new context been rendered practically meaningless, but the time clause ''within six months, etc.'' has been arbitrarily divorced from the only language which in reason or under the rules of grammar it could be said to modify.

It has been suggested that to give the phrase in question its literal meaning would bring it into conflict with the intention of the legislature to apply the statute only where a cause of action has accrued, for the reason that there might be cases where the work had been performed more than six months before the right to sue thereon had arisen. Therefore, it is said, construction should be resorted to in order to resolve the conflict and harmonize the provisions.

■ But this argument ignores realities. The possibility that such cases will arise is so remote as to be of no practical consequence, for the employees who are af-

fected by Ch. 265 are the ordinary working men and women who are paid by the month or at shorter intervals. They are not executives (F. L. S. A., § 13) nor independent contractors. The vast majority of them are entitled by law to be paid at intervals of not less than thirty days under § 102-602, O. C. L. A., which applies to the employees of "every person, firm or corporation owning or operating any mine, smelter, mining mill, sawmill, logging concern, mercantile establishment or manufactory, or doing a contracting business, coming under the provisions of this act". Under the F. L. S. A. a cause of action "accrues to an employee when the employer becomes liable for payment of that which the act requires; he is thus liable at the end of each regular pay period." *Smith v. Continental Oil Co.*, (D. C., E. D. N. Y.) 59 F. Supp. 91; and this is in accord with the law of master and servant generally, 37 C. J., Limitation of Actions, 822, § 175. Chapter 265 is said by counsel for the defendants to apply not only to actions under the F. L. S. A. but as well to actions for the recovery of overtime pay under § 102-502, O. C. L. A., applying to employees in certain industries; to similar actions by females in certain employments under § 102-323; and to § 596 of Title 46, U. S. C. A., providing for the recovery of double wages by a seaman for each and every day that the master or owner of the vessel neglects or refuses to pay the seaman's wages at the time prescribed by the statute. There may be a question as to whether actions under the statute last referred to are affected by Ch. 265; but, however that may be, it would be difficult to conceive of a case in which the cause of action of an employee under the F. L. S. A. or under any of these statutes would not accrue within a much shorter period

of time than six months from the performance of the work out of which such cause of action accrues.

In view of these facts, which must be presumed to have been known to the legislature, the asserted inconsistency exists in theory only.

For the court to give the suggested construction judicial sanction would be, in our opinion, to pass into the forbidden field of lawmaking. We think that, when the legislature in Ch. 265 prescribed a period of limitation to run from the performance of the work rather than from the accrual of the cause of action, it intended the very thing that it said.

In this respect the statute, viewed as a statute of limitations, is, so far as we are advised, without parallel in this state. In *Lamb v. Powder River Live Stock Co.,* 132 Fed. 434, 67 L. R. A. 558, a statute marked by similar characteristics was said to be "unique."

In *Federal Reserve Bank v. Atlanta Trust Co.,* (C. C. A. 5) 91 Fed. (2d) 283, 117 A. L. R. 1160, the court, speaking through Circuit Judge Hutcheson, said of statutes of limitation:

> "It is of the essence of these statutes that time begins to run under them as to causes of action only after the right to prosecute them to a successful conclusion has fully accrued."

There is no dissent among the authorities as to the foregoing proposition. See, *Zurcher v. Booth,* 80 Or. 335, 338, 157 P. 147; *Williams v. Commercial National Bank,* 49 Or. 492, 504, 90 P. 1012, 91 P. 443, 11 L. R. A. (N. S.) 857; *Minnehaha County v. Boyce,* 30 S. D. 226, 236, 138 N. W. 287; *Miller v. Watkins,* 194 Ark. 863, 870, 110 S. W. (2d) 531, 111 S. W. (2d) 466, 113 A. L. R. 913; *Bourne v. State Bank of Orlando & Trust Co.,* 106 Fla. 46, 142 So. 810;

*Jentzen v. Pruter,* 148 Minn. 8, 13, 180 N. W. 1004; *Kirschler v. Wainwright,* 255 Pa. 525, 100 Atl. 484, L. R. A. 1917E 393; *Sweetser v. Fox,* supra; *In re Estate of Hanlin,* 133 Wis. 140, 144, 113 N. W. 411, 126 Am. St. Rep. 938, 17 L. R. A. (N. S.) 1189; *Grayson v. Harris,* 279 U. S. 300, 304, 73 L. ed. 700, 49 S. Ct. 306; 34 Am. Jur., Limitation of Actions, 91, § 113; Angell on Limitations (6th ed.) 37, § 42; 1 Wood on Limitations (4th ed.) 612, § 117.

■ As stated, counsel for the defendants have cited and relied upon as legislative precedents certain sections of the lien laws of this state prescribing limitations of time within which to file suits to enforce such liens, and have argued that, since these statutes do not make the limitation run from the accrual of the cause of suit, the validity of the statute here in question is not affected by the absence of such a provision. But the sections of the lien laws thus invoked are not true statutes of limitations, which affect only the remedy and do not extinguish the right (*Evans v. Finley,* 166 Or. 227, 233, 111, P. (2d) 833, 133 A. L. R. 1318); they are statutes imposing conditions upon the exercise of rights created by the legislature of the state of Oregon. The legislature may validly impose such conditions as it sees fit upon the exercise of rights of its own creation (1 Wood on Limitations (4th ed.) 42, § 10), but, in view of the nature of our federal system, it obviously may not do so in respect of rights created and causes of action conferred by an act of Congress, legislating in its own sphere and within constitutional limitations. That would be in effect to amend the federal act, interfere with its operation, and cut down the rights which it created. The difference between a true statute of limitations and the limitation provisions of the lien statutes

of this state was pointed out in *Fleshman v. Whiteside*, 148 Or. 73, 34 P. (2d) 648, 93 A. L. R. 1456, where it was held that the provision of the mechanics' lien statute that no such lien "shall bind any building \* \* \* for a longer period than six months after the same shall have been filed unless suit be brought in a proper court within that time to enforce the same" (§ 67-107, O. C. L. A.), is not a statute of limitations but a condition annexed to the right conferred; that "the remedy forms a part of the right and must be pursued within the time prescribed, or else both are lost"; that "if an action is not brought within the time limited, the court is without jurisdiction to decree a foreclosure"; and, therefore, that the defendant was not required to take advantage of the bar by demurrer or answer, and did not waive the benefit of the statute by failure to do só, as would have been the case were a true statute of limitations involved.

The distinction is thus stated in 34 Am. Jur., Limitations of Actions, 16, § 7:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer

is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability.''

See, also, 1 Wood on Limitations (4th ed.) 41, § 9.

■ If the court were to adopt the view that it was the purpose of the legislature in enacting Ch. 265 to limit the amount of recovery of the benefits conferred by the F. L. S. A. and other similar statutes, and that the statute is the same character of legislation as the limitation provisions of the Oregon lien laws, it is manifest that the enactment, when attempted to be applied to actions brought under the F. L. S. A., would have to be stricken down as an unwarranted attempt on the part of the state legislature to abridge rights conferred by an act of Congress and thus in conflict with Art. VI of the United States Constitution. It is the duty of the court, however, to avoid such a construction and to give effect to the statute as one of limitations, if that be possible. As stated by the Supreme Court of Illinois in *Newland v. Marsh,* 19 Ill. 376, 384, and reiterated in *People, ex rel. Deneen v. Simon,* 176 Ill. 165, 52 N. E. 910, 68 Am. St. Rep. 175, 44 L. R. A. 801:

"So will acts of the legislature having elements of limitation, and capable of being so applied and administered, although the words are broad enough to and do, literally read, strike at the right itself, be construed to limit and control the remedy; for as such they are valid, but as weapons destructive of vested rights they are void, and such force only will be given the acts as the legislature could impart to them.''

Although the language of Ch. 265, "*recovery * * * shall be limited* to such pay or penalties for work per-

formed within six months, etc.'', is not the usual language of a statute of limitations and is aptly chosen to express a purpose to condition the exercise of the statutory rights in question, and, although the essential feature of a statute of limitations that time shall begin to run only from the accrual of the cause of action is not expressly provided; the statute, nevertheless, as the Illinois court said in the case cited, ''has elements of limitation''. It is a law of limitation, however, ''only as it attempts to interpose a bar because of inaction or laches'' in enforcing a claim after the right to sue thereon has arisen. *Lamb v. Powder River Live Stock Co., supra.* As has been shown, within the six months period after the performance of the work there would always be included a period of time, greater or less according to the circumstances, subsequent to the accrual of the cause of action, in which action could be brought. This period varies with the terms of employment in individual cases. The period of limitation for one who is entitled to be paid every thirty days would be five months as to some portion of the debt; for one who is entitled to be paid every two weeks it would be approximately five months and a half; for one who is paid every day it would be six months, since in that case the cause of action would arise simultaneously with the performance of the work.

By way of explanation of the foregoing, we may take the case of a man who commences work on November 1, 1945, at a monthly rate of pay. If his employer should fail to pay him the overtime compensation due him on November 30, his cause of action would accrue on December 1, and not before. In order to recover for the first day's work he must sue before May 1, 1946, which is six months after the first day's work was per-

formed, but only five months after the right to sue for it has arisen. Should he wait until May 16 before suing he would be barred from recovering on account of work performed during the first fifteen days of November because that work would not be within the six months period prescribed by the statute. And in that case we would have the anomaly of an attempt to recover on a complete cause of action, a part of which is barred by a statute of limitations.

■ The question remains whether a statute of limitations operating in the manner above indicated can be sustained. In our opinion it cannot. With no reasonable basis of classification whatever the period of limitation for one case would differ from that for another; or, if the court selected one of the numerous possible periods of limitation rather than another as constituting a reasonable time, it would be the court, not the legislature, which would fix the limitation. This the court has no power to do. The authorities support this conclusion. In *Osborne v. Lindstrom,* 9 N. D. 1, 11, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516, it is said that "as the legislature must fix a reasonable time, it necessarily follows that such time must be so specific and certain that parties can determine, when it is fixed, whether it be reasonable or not." In *Ludwig v. Stewart,* 32 Mich. 27, the court dealt with a statute having defects similar to those in Ch. 265. After calling attention to the importance of certainty in statutes of limitation the court said:

> "It is very evident that there is no definite time fixed by this statute within which actions shall be commenced, in so far as it is intended to have a retroactive operation. Under it cases will arise where the time within which the action must be commenced would be so short that it would be held un-

reasonable and void, while in others the time would be ample. Whether the time allowed in a given case would be sufficient or not, must depend altogether upon the question as to the time when the cause of action accrued. And it is doubtful whether any two cases would be found alike. A decision under such a statute, while applicable to all cases coming within the time passed upon in such case, would have but little, if any application in most others likely to arise. The effect of such a statute is to compel every man to decide for himself and at his peril, what will be considered a reasonable time within the judgment and opinion of the court of last resort.

"*Again, cases must necessarily arise so near the dividing line that it would become a difficult matter for the court to say, under all the circumstances, whether the time allowed was sufficient and reasonable or not. And in all these cases it would still remain a matter of doubt whether the legislature would have come to the same conclusion and would have passed a statute fixing the same time which the court did. Indeed, it is evident that the limitation would be one fixed by the court, and not by the legislature. This court assumes no such power.* Had the legislature prescribed a certain definite number of years within which all such cases must be brought, as it undoubtedly had the power to do, such a statute would be certain and applicable to all cases accruing previous to the passage of such act." (Italics supplied.)

In the later case of *Parsons v. Circuit Judge,* 37 Mich. 287, 289, Chief Justice Cooley said of the decision in *Ludwig v. Stewart,* supra, that it was there held "that an amendment to that statute of limitations could not be applied to existing causes of action where the effect would be to leave the time for the commencement of suits uncertain, so that the court would be under the necessity of determining what cases could be held barred under it; in other words, of fixing according to

its own judgment a reasonable time, the lapse of which should bar the action." Again, in *McKisson v. Davenport,* 83 Mich. 211, 215, 47 N. W. 100, 10 L. R. A. 507, the court said:

"Important legal and property rights depend upon the rule within which such right must be asserted, or, failing to do it, will be lost; and the necessity of a fixed, certain, and definite rule established by legislative authority is manifest",

citing *Ludwig v. Stewart* and *Parsons v. Circuit Judge,* supra. See, also, *Hathaway v. Merchants' Loan and Trust Co.,* 218 Ill. 580, 75 N. E. 1060, 4 Ann. Cas. 164, in which the court emphasized the importance of uniformity in the application of a statute of limitations.

In *Lamb v. Powder River Live Stock Co.,* supra, the court determined the validity of a statute of Colorado limiting the time for bringing actions on foreign judgments. The period of limitation, as fixed by the statute, encompassed not only lapse of time subsequent to the rendition of the foreign judgment, when the cause of action thereon would accrue, but also lapse of time subsequent to the accrual of the cause of action upon which such foreign judgment was based, and would have resulted, had the statute been enforced, in the application of varying periods of time to different cases. The court held the shortest period of time for any conceivable case to be unreasonable and the statute therefore invalid. In the course of the opinion by Circuit Judge Van Devanter, later an associate justice of the Supreme Court of the United States, it was said in part:

"The purpose of statutes of limitation is to compel the exercise of rights of action within a reasonable time after they accrue * * * Nothing could be more unreasonable or more certainly violative of constitutional prohibitions than to bar rights of

action because of the lapse of time prior to their accrual, when they could not have been exercised. * * * This portion of the act of 1895 is a law of limitation only as it attempts to interpose a bar because of inaction or laches in enforcing a judgment after it is obtained. It is unique in that it does not prescribe a fixed or definite time for commencing the actions to which it applies. * * * At which time within these limits any particular action is barred depends upon the special facts of the case. The longest period is reasonable, and the shortest is altogether unreasonable. In these circumstances it may become a serious question whether the entire provision falls as wanting in the requisites of a law of limitation, or whether, as respects the various intermediate periods, every man must determine for himself and at his peril whether the time allowed for exercising his right of action is reasonable (Ludwig v. Stewart, 32 Mich. 27; Osborne v. Lindstrom, 9 N. D. 1, 9, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516), but the consideration of that question is not essential to the decision of the present case.''

The principles enunciated in the foregoing decisions are, in our opinion, sound, apply to the present case, and render the challenged statute incapable of enforcement in actions brought by employees to recover overtime compensation and liquidated damages under the F. L. S. A. As the foregoing discussion indicates, the statute may be viewed in either of two aspects. In one, it is an attempt on the part of the state legislature to control and limit substantive rights granted by an act of Congress and clearly unconstitutional as such. In the other aspect, giving it all the effect possible as a statute of limitations, it is void for indefiniteness and uncertainty.

■ In this view it becomes unnecesary to consider the validity of the savings clause, for it is manifest that

the legislature would not have enacted the law without the six months provision. This is not disputed by the defendants, who concede in their brief that if the six months provision should fall the savings clause would fall with it. That, in our opinion, is a proper concession. *Mendiola v. Graham,* 139 Or. 592, 611, 10 P. (2d) 911.

Whether Ch. 265 can be validly applied in actions to recover overtime compensation under statutes of this state is a question not presented and as to which we express no opinion.

We have reached our decision reluctantly and with a full consciousness of the delicacy of the task and the gravity of the responsibility when the court declares an act of the legislature invalid. We see no escape, however, from the conclusions above stated, and no alternative, therefore, to the judgment which must be pronounced.

The judgment is reversed, and the cause remanded to the court below with directions to overrule the demurrer to the amended complaint, and for further proceedings in conformity to this opinion.

---

BELT, C. J., dissenting.

Plaintiff was employed by defendant as a mechanic to repair trucks and other equipment used in its logging operations. He brought this action to recover over-time pay aggregating $12,230.28, together with $1200 as attorneys' fees. No regular wages—ranging from $165 to $225 per month for the three year period of employment—are involved. Whether plaintiff has the right to recover such over-time pay depends upon the constitutionality of Chapter 265, purporting to bar recovery unless action is instituted within the time therein prescribed.

On account of the importance of this decision and its far-reaching effect upon labor and industry in this State, I am prompted to state briefly the reasons for my dissent. I agree with the splendid exposition of the law as announced by the court, speaking through Mr. Justice Lusk, relative to the construction of a statute for the purpose of determining its validity. My objection goes, not to the statement of the law, but to the court's conclusion after applying the same. More specifically, I do not agree with the court's interpretation of Chapter 265. I concede that if such interpretation is sound it results in absurdity and discrimination between classes of employees without any reasonable basis therefor. It is my opinion that the statute is not so clear that "he who runs may read", but that it is reasonably susceptible of different interpretations and that this court should adopt the construction sustaining its validity. As was well said by this court in *Fox v. Galloway*, 174 Or. 339, 148 P. (2d) 922:

> "If the language is plain and unambiguous, if it can be given but one meaning, and that meaning does not lead to an impossibility or an absurdity such as the legislature could not be supposed to have intended, the court must give effect to that meaning if constitutional, even though the result may be, in the court's opinion, harsh, unjust or mistaken in policy: Public Service Commission v. Pacific Stages, Inc., 130 Or. 572, 281 P. 125; State v. Tollefson, 142 Or. 192, 16 P. (2d) 625; Anderson v. Thomas, 144 Or. 572, 26 P. (2d) 60.

> "When, however, a literal application of the language produces an absurd or unreasonable result, it is the duty of the court to construe the act, if possible, so that it is a reasonable and workable law and not inconsistent with the general policy of the legislature: Othus v. Koser, 119 Or. 101, 248 P. 146; State v. Hay, 132 Or. 223, 283 P. 753; Port-

land Van & Storage Co. v. Hoss, 139 Or. 434, 9 P. (2d) 122, 81 A. L. R. 1136. 'It is a familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers': Rector, etc. of Holy Trinity Church v. United States, 143 U. S. 457, 12 S. Ct. 511, 512, 36 L. Ed. 226; Staples v. Senders, 164 Or. 244, 261, 96 P. (2d) 215, 101 P. (2d) 232.''

In 50 Am. Jur. 490, Statutes, § 473, it is said:

'' * * * legislation otherwise valid will not be judicially declared null and void on the ground that the same is unintelligible and meaningless unless it is so imperfect and so deficient in its details as to render it impossible of execution and enforcement, and is susceptible of no reasonable construction that will support and give it effect, and the court finds itself unable to define the purpose and intent of the legislature. *Moreover, the objection that a statute is too vague to be valid is available only to one whom it concerns.*'' (Italics ours.)

The plaintiff-appellant has challenged the validity of Chapter 265, Laws of Oregon for 1943, solely upon the ground that the period of limitation therein prescribed is unreasonable. His brief presents the following points:

    (1) ''It is firmly established that when a new limitation is made to apply to existing rights or causes of action, a reasonable time must be allowed before it takes effect in which such rights may be ascertained, or in which suit may be brought on such causes of action, and that a limitation statute is void if the period allowed is unreasonably short.

    (2) ''In determining whether a reasonable time is allowed the Court must consider all the circumstances under which the statute is to apply, and it is also necessary to adjust the time to the

special nature of the rights of action to be effected, the situation of the parties and all surrounding circumstances.

(3) "A reasonable time must be of such duration as to afford full opportunity for resort to the courts for the enforcement of the rights upon which the limitation is intended to operate.

(4) "If a palpable error has been committed by the Legislature in fixing the time for the limitation for the commencement of the action the courts may find the statute in question void.

(5) "The prohibition of a federal statute may not be set at naught or its benefits denied by a state statute or state common law rule.

(6) "Chapter 265 Oregon Session Laws, 1943, curbs, nullifies and interferes with the free, open and orderly administration of the federal 'Fair Labor Standards Act of 1938,' passed by Congress in the exercise of its constitutional power over interstate commerce."

The United States government, in its brief, filed as *amicus curiae,* asserts that the statute is invalid because: (1) The statute discriminates against rights conferred upon the employee by the Fair Labor Standards Act and is in violation of Article VI of the federal Constitution. (2) Six months' period provided in the state act is unreasonably short and by reason thereof tends to defeat the purpose of the Fair Labor Standards Act. (3) Does not allow a reasonable time for claimants to resort to the courts and therefore denies employees due process of law. (4) Unreasonably interferes with federal regulation of interstate commerce.

This court has invalidated Chapter 265 upon two basic grounds: (1) It discriminates against different classes of employees without any reasonable basis therefor. (2) It is void for indefiniteness and uncertainty. Apparently the court is not prepared to say,

as a matter of law, that the periods of limitation are unreasonable. The opinion of the court is predicated upon grounds not urged by the appellant in the case. True, no element of estoppel is involved, but it seems to me the court should, indeed, be reluctant to declare a statute invalid for a reason which did not even occur to the mind of the party particularly affected, especially when to do so may spell bankruptcy and financial ruin to many employers in this State.

In my opinion, the basic issue involved on this appeal is whether the periods of limitation for the commencement of actions to recover over-time pay are unreasonable. This, I submit, is primarily a legislative question. It is not for this court to substitute its judgment for that of the legislature. It can only interfere with the act of the legislature in determining such matter when all reasonable-minded persons would conclude that a palpable error had been committed in limiting the time for commencement of the action. *Terry v. Anderson,* 95 U. S. 628. As stated in 34 Am. Jur. 30, Limitation of Actions, § 22:

> "The legislature is the primary judge as to whether the time allowed by a statute of limitations is unreasonable. Although the determination of the legislature is reviewable by the courts, the courts will not inquire into the wisdom of the legislative decision in establishing the period of legal bar, unless the time allowed is manifestly so insufficient that the statute becomes a denial of justice."— citing in support of the text, among other authorities, *Wilson v. Iseminger,* 185 U. S. 55, 46 L. Ed. 804, 22 S. Ct. 573. Also to the same effect see 16 C. J. S. 684.

If the time fixed by this special statute of limitations is unreasonably short for the employee to assert the rights conferred upon him by the federal act, the stat-

ute would clearly be unconstitutional; if, however, the time specified affords the employee a reasonable length of time in which to assert such rights, the validity of the statute ought to be sustained. Relative to this phase of the case, it is well to bear in mind that a statute of limitations is remedial legislation and is entitled to liberal interpretation. *Rayburn v. Norton,* 150 Or. 140, 36 P. (2d) 986, 43 P. (2d) 919; *Koop v. Cook,* 67 Or. 93, 135 P. 317. As said in 34 Am. Jur. 25, Limitation of Actions, § 14:

> "While the courts will not strain either the facts or the law in aid of a statute of limitations, nevertheless it is established that such enactments will receive a liberal construction in furtherance of their manifest object, are entitled to the same respect as other statutes, and ought not to be explained away."

A statute of limitation, if reasonable, does not extinguish any right but merely requires the claimant to exercise such rights within the time designated by the legislature or be barred from seeking to enforce them. The legislature deemed it not unjust or inequitable to require any claimant for over-time pay to assert such claim within the six months' period provided in the statute. It concluded that such time afforded him ample opportunity to have his day in court.

Assuming that the 90-day period in the savings clause is unfair and unreasonably short, it does not follow by reason thereof that the entire act must fall. The savings clause and the remainder of the act are severable and the six months' period would apply in the event the 90-day period prescribed in the savings clause is unconstitutional, whether the work performed was before or after the enactment of the statute of

limitation. *Koshkonong v. Burton,* 104 U. S. 668; *Sohn v. Watterson,* 17 Wall 596; *McLaughlin v. Hoover,* 1 Or. 31. The words "accrued" and "accruing" in the first clause of Chapter 265 refer to all causes of action without distinction between those accruing before and those accruing after the effective date of the act. Eliminating the second clause of the act, the predominant legislative intent is nevertheless expressed that six months is an adequate period of time for the commencement of actions to recover on such claims. Appellant did not commence this action until seven months after Chapter 265 became effective.

If there is anything certain about this case, it is that the legislature, in enacting Chapter 265, intended to provide a shorter period of limitation for the commencement of actions to recover over-time pay than that provided in § 1-204 O. C. L. A. for the recovery of regular wages. Under § 1-204 O. C. L. A., action to recover upon a contract for regular wages, as distinguished from "over-time pay", must be brought within six years "after the cause of action shall have accrued". Chapter 265 is a special statute of limitation. Did the legislature intend to have such statute commence to run from the time of the performance of the work, or from the time of accrual of the cause of action? In view of the general legislative policy upon such subject and considering the statute in its entirety the answer seems obvious. A statute of limitation can never become operative until there is a cause of action to which it may be applied. 34 Am. Jur. 47. Certainly, it was never intended that the statute should commence to run when the claimant at such time had no cause of action or right to recover because wages were not due. Before

the plaintiff had a cause of action, he must have performed the work for which payment was due. The use of the words "accrued" and "accrual" in the first clause of the act is significant. The very first words of the act, viz. "recovery for over-time pay", indicates to me that the statute was intended to run from the accrual of the cause of action. There can be no "recovery" unless the cause of action has accrued. Throughout the statute, reference is made to accrued or accruing pay. The words "over-time pay" are qualified by the use of "such", which refers to "accrued" and "accruing". Viewing the statute in its entirety, it seems to me that the court, in holding that the statute begins to run from the time of performance of the work, has adopted a narrow and literal interpretation of the act. It is an interpretation contrary to the intention of the legislature and results in absurdity and impractibility of enforcement of the act. There will be no uncertainty in the enforcement of the act and it will apply equally to all classes of employees, if it is so constructed that the limitation prescribed therein begins to run from the time the cause of action has accrued.

The court having declared Chapter 265 void, a claimant for over-time pay now has six years in which to commence his action after it has accrued. No tears need be shed over the employer who wilfully refuses to pay his employees for wages due, but the Fair Labor Standards Act is undoubtedly severe when applied to an employer who acts in good faith and finds himself confronted with a law suit to recover upon a wholly unanticipated claim by an employee held by the courts to have been engaged in a work involving interstate commerce. It may be that the legislature for such reason

deemed it wise to afford the employer in such cases some degree of repose and security.

In my opinion, the judgment of the circuit court should be affirmed.

---

Petition for rehearing denied January 15, 1946

ON PETITION FOR REHEARING

(165 P. (2d) 63)

LUSK, J.

A petition for rehearing has been filed supported by briefs of counsel for the defendants and counsel *amici curiae.*

Both briefs urge that the court misconstrued the enacting clause of Chapter 265, Oregon Laws 1943. But the arguments are no different from those heretofore presented and to which we gave careful and deliberate consideration. We think we did not misconstrue the statute, and there is no occasion for us to restate the grounds of our decision.

■ In view, however, of one contention advanced we think it well to add a few words. It is said in substance, as we understand the argument, that the defect found by the court in the six-months provision is not present in the proviso or three-months clause governing claims which had accrued at the time of the enactment of the statute; and, since this case is concerned with such a claim and the action was not commenced until more than three months after the effective date of the act, there is no constitutional or other reason why the proviso should not be applied and the action held to be barred.

It was, and still is, our view, as stated in our former opinion, that ''the legislature would not have enacted the law without the six-months provision'', and, hence, that the proviso, even though in itself free from all constitutional objections, could not be separated from the rest of the statute and given effect. This seemed to us to be so plain that we refrained from laboring the point and contented ourselves with citation to the case of *Mendiola v. Graham,* 139 Or. 592, 611, 10 P. (2d) 911, which is one of the many authorities dealing with the question of severability of the unconstitutional portions of a statute from other portions which are unobjectionable.

In this conclusion, it is urged, we ''fell into serious error by confusing the separability of a statute and separable application of a statute''. It is said that the statute applies to numerous situations including causes of action accruing under state and federal laws and regulations and causes of action which have accrued under state and federal laws and regulations, and that the court has held that because the statute may not constitutionally apply to one of these situations, ''namely causes of action accruing under Federal law, it may not constitutionally be applied to causes of action which have accrued under Federal law.'' This is asserted to be a *non sequitur,* and cases are cited from this and other jurisdictions bearing upon the doctrine of separate application of a statute. The brief quotes from *Moreland Theaters v. Portland M. P. Union,* 140 Or. 35, 41, 12 P. (2d) 333, where it is said that

''the same statute, if given one construction and one application to a given state of facts, may be constitutional, while the same statute, if given another construction and differently applied to the same facts, may be unconstitutional.''

Again reference is made to *Leonard v. Ekwall,* 124 Or. 351, 362, 264 P. 463, where the court said:

"When a constitutional provision prevents a statute from applying in certain cases, even where it was apparently intended to apply, the courts will not declare the statute unconstitutional, but will hold that the law was not intended to apply to such cases, on the ground that the courts are bound to presume that the legislature did not intend to violate the Constitution: *Northup v. Hoyt,* 31 Or. 524, 529 (49 Pac. 754)."

██ We recognize the doctrine of separate application of a statute. We had thought that we applied it in this case when we limited our decision to the question of the validity of the statute when invoked in actions brought under the F. L. S. A., leaving for future consideration the question of whether or not it could be validly applied to actions brought under statutes of this state. Except for the fact that all the counsel engaged, including those representing the plaintiff and the United States government, were agreed that Chapter 265 was intended to apply to actions brought pursuant to the provisions of the F. L. S. A., we suppose that under the rule stated in *Leonard v. Ekwall,* supra, instead of declaring the statute unconstitutional we might have held that it was not intended to apply in such cases. That would be an instance of the use of the doctrine of separate application, but, in our opinion, that doctrine has nothing to do with the question immediately at hand. That question is whether, notwithstanding the invalidity of the six-months provision of the statute, the remainder may stand as an independent law capable of enforcement in the present case. The general rule is "that a statute may be constitutional in one part and unconstitutional in another part and that if the

invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected." 11 Am. Jur., Constitutional Law, 834, § 152. *State v. 1920 Studebaker Touring Car*, 120 Or. 254, 271, 251 P. 701, 50 A. L. R. 81; *Standard Lumber Co. v. Pierce*, 112 Or. 314, 228 P. 812; *State v. Terwilliger*, 141 Or. 372, 384, 385, 11 P. (2d) 552, 16 P. (2d) 651. "The inquiry in all such cases is primarily one of legislative intention", *Standard Lumber Co. v. Pierce*, supra; 11 Am. Jur., id, 842, § 155.

Upon this question the authorities recognize the following rules:

"If * * * the constitutional and the unconstitutional portions are so dependent on each other as to warrant the belief that the legislature intended them to take effect in their entirety, it follows that if the whole cannot be carried into effect, it will be presumed that the legislature would not have passed the residue independently, and accordingly, the entire statute is invalid." 11 Am. Jur., Constitutional Law, 842, § 155.

"If the valid and invalid parts are so bound together that the invalid part is a material inducement to the valid portion, the whole is invalid." Id., 849, § 157.

In construing the statute we said:

"The statute means, therefore, that recovery of the statutory benefits enumerated shall be permitted only for work performed within six months immediately preceding the commencement of an action to recover such benefits, 'irrespective', as the defendants' brief says, 'of whether that period in whole or in part antedates the day after the effective date of the statute', save that no cause of action which had accrued at or before the effective date of the

statute shall be barred if action thereon be brought within ninety days after that date."

The purpose of the three-months provision, as we said, was to prevent cutting off causes of action accrued before the effective date of the statute, and based on work performed more than six months previously, without any opportunity to sue on them at all. The three-months provision is, as it is denominated in the title of the act, a "savings clause". It is in a real sense a proviso, its function being "to exclude from the scope of the statute that which otherwise would be within its terms", 50 Am. Jur., Statutes, 457, § 436. It is the kind of provision commonly found in statutes of limitation which shorten the period of limitation in an existing statute, and deemed necessary for the protection of rights of persons with accrued causes of action which, otherwise, would be barred at once by the new legislation. It is wholly dependent on the main or enacting clause, and the enacting clause was the inducement for its passage. Without the enacting clause the statute would never have been passed.

Were it to be held otherwise we would then have a proviso and nothing to which to apply it, unless it should be said that it might be applied to the statute of limitations then in force. But it is manifest that this was not the legislative intent, since § 2 of Chapter 265 provides: "Any law in conflict herewith to that extent is repealed hereby"; and, moreover, the enactment of a savings clause in respect of a statute of limitations which had been on the books since 1862 would have been wholly unnecessary, if not an absurdity.

We adhere to our opinion in all respects, and the petition for rehearing is denied.